IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT M. FENENBOCK,

        Petitioner,               No. CIV S-97-1731 LKK CHS P

    vs.

DIRECTOR OF DEPARTMENT OF
CORRECTIONS,

        Respondent.           <u>ORDER</u>

_____/

/////

        Petitioner Robert Fenenbock is a state prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Fenenbock attacks his March 16, 1994 conviction in the Solano County Superior Court, case number C35712, for first-degree murder.

        Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that the answer to the habeas petition "must [ ] indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed," and the respondent "must attach to the answer parts of the transcript that the respondent considers relevant."  Habeas Rule 5 also provides that, "[t]he judge may order that the respondent furnish

1

1    other parts of existing transcripts or that parts of untranscribed  recordings be transcribed and

2    furnished." HAB. R. 5(c).  Furthermore, pursuant to Habeas Rule 7, the court may direct that the

3    record be expanded by the parties to include additional materials relevant to the determination of

4    the merits of the petition.  HAB. R. 7(a).

5           In his third amended petition, Fenenbock raises a claim of actual innocence.  In

6    support of his claim Fenenbock cites the testimony of one of his co-defendants, Bernard "Bird"

7    MacCarlie, from MacCarlie's trial, a declaration from co-defendant Leafe Dodds, as well as the

8    testimony of Criminalist Carmel Suther, also from MacCarlie's trial.

9           However, in considering Fenenbock's claim of actual innocence, the analysis is

10   not limited to the allegedly new evidence proffered by petitioner.  See House v. Bell, 547 U.S.

11   518, 537-38 (2006) (applying less onerous Schlup gateway standard); Schlup v. Delo, 513 U.S.

12   298, 327 (1995); Carriger v. Stewart, 132 F.3d 463, 478 (9th Cir. 1997).  Rather, the reviewing

13   court "must consider all the evidence, old and new, incriminating and exculpatory, without

14   regard to whether it necessarily would be admitted under rules of admissibility that would

15   govern at trial."  House v. Bell, 547 U.S. at 538 (citations and internal quotations omitted).

16          Including Fenenbock, eight people (Robert Bond, Bernard MacCarlie, Leafe

17   Dodds, Robert Fenenbock, Anthony Lockley, Barbara Adcock, Cherri Frazier, and Sue Hamby)

18   were tried in connection with the events surrounding Fenenbock's commitment offense.  Those

19   eight persons were tried in three separate trials in front of four separate juries.

20          After reviewing Fenenbock's petition it is clear that, in addition to the transcripts

21   from Fenenbock's trial that respondent has already lodged, the transcripts from the

22   Bond/MacCarlie/Dodds trial and from the Adcock/Lockley trial, are relevant to the

23   determination of the merits of his petition.  However, the Bond/MacCarlie/Dodds trial transcripts

24   have already been provided in connection with petitions from those proceedings.

25   /////

26   /////

1            Accordingly, IT IS ORDERED that:

2            1.  Respondent lodge the entire transcripts from the trial of co-defendants Barbara

3 Adcock and Anthony "Tex" Lockley within 14 days of the date of this order.[1]; and

4            2.  Respondent file a notice of lodging transcripts from the

5 Bond/MacCarlie/Dodds trial within 14 days of the date of this order.  In the interest of saving

6 resources, respondent need not lodge actual physical copies as the court is already in possession

7 of those documents.

8 /////

9 DATED: March 22, 2010

10 *Charlene H. Sorrentino*
           CHARLENE H. SORRENTINO
           UNITED STATES MAGISTRATE JUDGE

---

[1] Normally respondent would be given more time to lodge these transcripts.  However respondent, in answers to the petitions of Fenenbock's co-defendants, has cited from these transcripts and therefore is apparently already in possession of them.

3